John Gear, OSB 073810
John Gear Law Office LLC
161 High St SE STE 208B
Salem OR 97301-3610
503-569-7777 tel ~ 503-206-0924 fax
John@JohnGearLaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON (EUGENE)

| | |
|---|---|
| **Kristina Shockey**, <br> Plaintiff, <br> vs. <br> **Quick Collect, Inc**., an Oregon corporation, <br> and <br> **Jesse D. Conway,** attorney at law, <br><br> Defendants | Case No.: 6:19-cv-1079 <br><br> COMPLAINT <br> Violation of 15 USC § 1692 (FDCPA) <br><br> DEMAND FOR JURY TRIAL |

## PRELIMINARY STATEMENT

1. This is an action for money damages and statutory penalty damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., which prohibits abusive, deceptive and unfair debt collection practices and other tort claims.

2. Plaintiff's claim arises from defendant's attempts to collect a debt in Oregon through the means and instrumentalities of interstate commerce and the mails.

3. Plaintiff demands a jury trial.

## JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

5. Venue is proper in this District under 28 U.S.C. § 1391 because the acts and transactions occurred here, plaintiff reside in Oregon, and both defendants collect debts in Oregon.

COMPLAINT - 1

## PARTIES

### Defendant Quick Collect, Inc. (QCI)

6. Defendant Quick Collect, Inc. (QCI) is an Oregon licensed collection agency (#40900) with its principal place of business at 5500 NE 107th Ave, Vancouver, WA, 98683.

7. Defendant QCI uses the instrumentality of interstate commerce, such as making interstate phone calls, engaging in interstate travel, as well as using the mails in a business the principal purpose of which is the purchase and collection of unpaid debts owed by individuals that were incurred primarily for personal, family or household purposes.

8. Defendant is a debt collector as that term is defined at 15 USC 1692a(6).

### Defendant Conway

9. Defendant Jesse D. Conway is an attorney at law, licensed to practice in Oregon (#130503) with his principal office at 1014 Franklin St, Ste 106, Vancouver, WA, 98660.

10. Defendant uses the instrumentality of interstate commerce, such as making interstate phone calls, engaging in interstate travel, as well as using the mails in a business the principal purpose of which is the purchase and collection of unpaid debts owed by individuals that were incurred primarily for personal, family or household purposes.

11. In the last four years, on behalf of QCI, Conway has filed over 60 lawsuits against Oregon consumers in state court to collect or attempt to collect consumer debts owed to QCI. As part of Conway's attempt to collect consumer debts owed to others, Conway uses the mails to send demands for payments to those debtors.

12. Upon information and belief, plaintiff alleges that at least half of Conway's income is generated by his debt collection efforts.

13. Conway is a debt collector as that term is defined at 15 USC 1692a(6).

**Plaintiff Shockey**

14. Plaintiff Kristina Shockey is a natural person who resides in Marion County within the State of Oregon, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

## ALLEGATIONS

15. On 20 November 2012, plaintiff signed a financial responsibility form agreeing generally to pay Smiles Dental for dental services rendered. The agreement had no express provisions discussing either attorney's fees or interest incidental to plaintiff's principal obligation to Smiles Dental.

16. On 15 November 2013, plaintiff went to Smiles Dental to have a tooth extracted; the dentist convinced plaintiff to have a root canal instead. Plaintiff complained of problems with the root canal and asked to speak to the dentist by phone to discuss the next steps; Smiles Dental refused to allow plaintiff to speak to the dentist until she paid her bill and she refused to pay for the services until she could speak to the dentist, and the parties reached an impasse. As a result, plaintiff was left with a temporary crown, which became infected and caused her significant distress.

17. On 16 April 2014, QCI filed a small claims suit against plaintiff seeking $1191.78, consisting of an alleged debt of $1102.78, $53 in filing fees, and adding a $36 service fee; after plaintiff demanded a jury trial in that action, on 18 July 2014, QCI brought an "Action on Account" against plaintiff (Marion County case 14c14601) seeking $1048 for Smiles Dental bill and alleging it was entitled to prejudgment interest.

18. QCI also alleged it was entitled to attorney fees "pursuant to written contract and/or ORS 20.096." The statue ORS 20.096 only applies to written contracts where there is an attorney fee provision for one side but not the other, and it makes the attorney fee provision reciprocal.

COMPLAINT - 3

19. On 31 July 2014, through counsel, plaintiff sent QCI a letter giving notice of defects in its complaint.

20. On 14 October 2014, through counsel, plaintiff filed ORCP 21D motions demanding that QCI make its complaint more definite and certain. QCI filed no response and the suit was dismissed without prejudice on 23 April 2015.

21. Upon information and belief, at some time in March 2017, QCI sent plaintiff a demand for payment. On 29 March 2019, plaintiff sent QCI a demand for debt validation and received no response.

22. On 11 July 2018, QCI filed a second small claims action against plaintiff (18sc26412) alleging that plaintiff owed QCI $1048 plus $449.89 in prejudgment interest, plus $100 for filing and service fees.

23. On 21 August 2018, plaintiff filed an answer and jury trial demand to the suit.

24. On 24 August 2018, three days after plaintiff filed her answer, QCI filed a motion for default judgment against plaintiff in the small claims docket seeking the prayer in the suit plus a $110 prevailing party fee award.

25. On 29 August 2018, QCI again filed suit in Marion Circuit Court (18cv38412) with a complaint that was substantially the same and had the same defects as the prior suit dismissed in 2015; QCI again sought $1048, prejudgment interest; QCI also claimed it was entitled to attorney fees "pursuant to written agreement and/or ORS 20.096." As in the 2014 suit, QCI also failed to allege that it was a duly registered collection agency under ORS 697.015 and ORS 697.031.

26. Plaintiff's counsel sent defendant Conway an ORCP 69 letter of intent to appear and defend and asked to speak with Conway on the phone to discuss settlement of QCI's suit. After speaking on the phone and exchanging emails, defendant Conway rejected a settlement offer from plaintiff with the following:

> So you have context, please understand that my client litigates thousands of these cases. In nearly all of the contested cases the debtor threatens to defend or file bankruptcy or both (as you have done here). Some of them do, the vast majority of them do not. The reason is that it typically costs more than the amount owed to defend and it is usually better to pay off the debt then pay even more to defend or file bankruptcy.

27. On 13 October 2018 and again the following day, plaintiff's counsel sent defendant Conway a written request for explanation of QCI's claim of entitlement to attorney fees. Conway never responded further or prosecuted the case further.

28. On 7 January 2019, the court dismissed QCI's suit.

29. Defendants' conduct caused plaintiff emotional distress, anger, frustration, and anxiety.

## CLAIM FOR RELIEF: VIOLATION OF FDCPA

30. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

**COUNT ONE**

31. Defendants' attempt to collect a debt that was overstated is a false, misleading, and deceptive communication, and an unconscionable and unfair means of collecting a debt and violates at least one, or more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692f, and 1692f(1).

**COUNT TWO**

32. Defendants' attempt to collect a debt by threatening to seek a judgment on the claim as evidenced by the filing of the collection lawsuit, and the correspondence of defendant Conway demanding payment under the guise that defendants intended to prosecute the collection action when in fact they did not as evidenced by the allowance of a dismissal of the action for the second time is a false, misleading, and deceptive communication, and an unconscionable and unfair means of collecting a debt and is a violation of at least one or more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692f, and 1692f(1).

**COUNT THREE**

33. Defendants' false allegation in the collection lawsuit that it was entitled to attorney fees under ORS 20.096 is a false, misleading, and deceptive communication, and an unconscionable and unfair means of collecting a debt and is a violation of at least one or more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

**COUNT FOUR**

34. Defendants' did not have a right to a judgment because they failed to comply with ORS 697.045(4); therefore, both threatening to seek a judgment on the claim and moving for default judgment on the claim when in fact they did not have a right to a judgment is a false, misleading, and deceptive communication, and an unconscionable and unfair means of collecting a debt and is a violation of at least one or more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692f, and 1692f(1).

### COUNT FIVE

35. By moving to take default judgment after her answer was filed, and by failing to withdraw their motion for default judgment after learning of the answer, defendants made a false, misleading, and deceptive communication, and an unconscionable and unfair means of collecting a debt and is a violation of at least one or more provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

### DAMAGES

36. As a result of Defendant's violation of the FDCPA, Plaintiff has statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

37. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

38. Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from defendants.

**WHEREFORE**, plaintiff prays that judgment be entered against defendants for:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
- for an award of actual damages determined pursuant to 15 U.S.C. §1692k(a)(1).
- for an award of costs of litigation and reasonable attorney's fees incurred in stopping the illegal collection action and in prosecuting this case, pursuant to 15 U.S.C. § 1692k(a)(3).

Dated this 11 July 2019

*s/ John Gear*
John Gear, OSB 073810
Attorney for Plaintiff